## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CLAUDE HUMBERT II and
REBECCA HUMBERT,

      Plaintiffs,

      v.

SELECTIVE INSURANCE COMPANY OF
SOUTH CAROLINA,

      Defendant.

Civil Action No. TDC-23-1811

### MEMORANDUM OPINION

Plaintiffs Claude Humbert II and Rebecca Humbert have filed a Complaint against Defendant Selective Insurance Company of South Carolina ("Selective Insurance") in which they allege that Selective Insurance has breached contractual provisions in their homeowner's insurance policy and failed to act in good faith in relation to Plaintiffs' insurance claim for storm damage to their residence. Selective Insurance has filed a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be DENIED.

### BACKGROUND

Plaintiffs have a homeowner's insurance policy with Selective Insurance ("the Policy") which covers their residence located in Charlotte Hall, Maryland ("the Property"). Following a July 6, 2020 windstorm that damaged the Property, Plaintiffs submitted a claim to Selective Insurance to cover the cost of repairs, including to the roof and siding of the Property. On January

4, 2021, a representative of Ladder Now, LLC ("Ladder Now"), an adjuster retained by Selective Insurance, inspected the damage in the presence of a representative of Just Call Joe, LLC ("Just Call Joe"), a contractor retained by Plaintiffs. Ladder Now estimated the damage as totaling $19,337.66. Just Call Joe, however, asserted that Ladder Now did not include the full scope of the loss in its estimate and instead calculated the damage as totaling $65,575.32. On January 11, 2021, Selective Insurance approved repair work totaling $19,337.66.

On April 2, 2021, Just Call Joe advised Selective Insurance that all of the siding at the Property needed to be replaced. As a result of an ongoing dispute about the scope of necessary repairs, Plaintiffs retained Semper Fi Public Adjusters LLC ("Semper Fi"), a company affiliated with Just Call Joe, to evaluate the claim.

On September 7, 2021, Semper Fi requested from Selective Insurance a copy of Plaintiffs' certified policy. After receiving it, Semper Fi submitted to Selective Insurance a scope of work and an estimate totaling $132,074.72. On November 24, 2021, Selective Insurance conducted a re-inspection of the Property, after which it made multiple "irrelevant and ambiguous" requests for documents from Plaintiffs. Compl. ¶ 27, ECF No. 1. According to Plaintiffs, Selective Insurance made such "unnecessary" requests "to create the appearance of continuing to review Plaintiff's claim" and Semper Fi's submission, but in fact Selective Insurance did so "to delay payment on Plaintiffs' claim or to avoid further payment." *Id.* ¶ 28. Selective Insurance then denied Plaintiffs' request for the amount proposed by Semper Fi and allegedly refused to negotiate. Plaintiffs filed a complaint with the Maryland Insurance Administration, which denied relief.

On July 6, 2023, Plaintiffs filed the Complaint in this case. In Count 1, Plaintiffs allege a claim of breach of contract, specifically a breach of the Policy. In Count 2, Plaintiffs allege a claim of a "Failure to Settle Claims in Good Faith," in violation of section 3–1701 of the Courts and

2

Judicial Proceedings Article of the Maryland Code, Md. Code Ann., Cts. & Jud. Proc. § 3–1701 (West 2020). Compl. at 5.

## DISCUSSION

In its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), Selective Insurance asserts that Plaintiffs have failed to state a plausible claim for relief on the grounds that (1) the breach of contract claim fails because the Policy and various documents submitted by Selective Insurance demonstrate that Plaintiffs did not comply with certain duties they had under the Policy; and (2) the same evidence demonstrates that Selective Insurance acted in good faith. In opposing the Motion, Plaintiffs argue that the allegations in the Complaint are sufficient to state plausible claims for relief and that the Court may not consider the materials submitted by Selective Insurance on a Rule 12(b)(6) motion without converting it to a motion for summary judgment, which would be premature because there are factual disputes that cannot be resolved without discovery.

## I.    Legal Standard

To defeat a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005).

3

Ordinarily, in considering a Rule 12(b)(6) motion, courts consider only the complaint and any attached documents. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). Courts are permitted, however, to consider documents attached to a motion to dismiss "when the document is integral to and explicitly relied on in the complaint, and when the plaintiffs do not challenge the document's authenticity." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015) (quoting *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)). The fact that a document is referenced in the complaint, or that the complaint contains quotes from the document, does not necessarily render it "integral" to the complaint, particularly where the plaintiff's claims are not based on statements in that document. *See Goines*, 822 F.3d at 166. Furthermore, when deciding whether to consider a document attached to a Rule 12(b)(6) motion, courts should recognize that a document prepared by or for the defendant "may reflect the defendant's version of contested events or contain self-serving, exculpatory statements that are unlikely to have been adopted by the plaintiff." *Id*. at 168.

Here, Selective Insurance has attached to its Motion a copy of the Policy and various emails between the parties and asserts that the Court can consider these documents in ruling on the Motion. The Court will consider the Policy because it is integral to the Complaint in that it serves as the basis for Plaintiffs' claims and is of undisputed authenticity. The emails, however, are neither integral to nor even mentioned in the Complaint. Rather, they consist of evidentiary documents which cannot be considered on a Rule 12(b)(6) motion without converting it to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). Neither party is requesting that the Court consider a motion for summary judgment at this stage, and to do so would be entirely inappropriate. Where the submitted emails are self-serving evidentiary documents specifically selected by Selective Insurance for submission, it would be patently unfair to consider them until after

4

Plaintiffs have had the opportunity to conduct discovery and identify the full range of documents and other evidence relevant to the resolution of the Motion.

Accordingly, the Court will review the Motion under the Rule 12(b)(6) standard and will consider only the Complaint and the Policy.

## II. Breach of Contract

Selective Insurance first argues that Plaintiffs cannot bring a claim against it because Plaintiffs failed to comply with their duties under the Policy when they failed to provide certain documents requested by Selective Insurance. Under Maryland law, "[p]erformance of the contract by parties suing on it is a condition precedent to recovery." *Hubler Rentals, Inc. v. Roadway Express, Inc.*, 637 F.2d 257, 260 (4th Cir. 1981) (citing *Wischhusen v. Spirits Co.*, 163 A. 685 (1933)). However, the "failure to satisfy a condition precedent is ordinarily considered an affirmative defense," and "plaintiffs are not required to expressly plead satisfaction of a condition precedent to allege a breach of contract claim." *United States for the Use & Benefit of Tusco, Inc. v. Clark Constr. Grp., LLC* ("*Tusco*"), 235 F. Supp. 3d 745, 753 (D. Md. 2016).

"A Rule 12(b)(6) motion . . . does not generally invite an analysis of potential defenses to the claims asserted in the complaint." *E. Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 185 (4th Cir. 2000). It is meant to "test the sufficiency of a complaint . . . not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (quoting *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir.1992)). Therefore, "unless the facts necessary to establish it are available on the face of the pleadings," courts will typically reject as premature a motion to dismiss based on a failure to comply with a condition required by a contract when the facts have not yet been developed. *See Tusco,* 235 F. Supp. 3d at 753.

5

Here, Selective Insurance is prematurely asking the Court to make determinations about the merits of a potential defense. Although the Court could deny the Motion on this basis alone, it will nevertheless consider Selective Insurance's argument. Upon a review of the Complaint and the Policy, the only documents properly considered at this stage, the Court finds that allegations do not clearly establish that Plaintiffs failed to comply with any particular provision of the Policy. Selective Insurance cites to a subsection of the Policy entitled "Duties After Loss," which states that Selective Insurance has "no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us." Policy at 21, Mot. Dismiss Ex. A, ECF No. 10-2. The prescribed duties include the requirement that Plaintiffs must:

As often as [Selective Insurance] reasonably require[s]:

a.   Show the damaged property;
b.   Provide us with records and documents we request and permit us to make copies; and
c.   Submit to examination under oath, while not in the presence of another "insured", and sign the same[.]

*Id.*

The Complaint acknowledges that Selective Insurance made requests for documents, but it does not state that Plaintiffs withheld those documents or otherwise failed to comply with their contractual obligations. The Complaint asserts only that the documents "were unnecessary for Defendant to analyze Semper Fi's scope of work and estimate." Compl. ¶ 27. Indeed, Plaintiffs assert in their memorandum in opposition to the Motion that the requested documents did not exist and that they explained this fact to Selective Insurance. When viewed in the light most favorable to Plaintiffs, the allegations in the Complaint are consistent with the claim that the documents did not exist and that there was no failure to comply with the relevant contractual provision. Further, Plaintiffs assert that any failure to produce requested documents did not violate the Policy, because the requirement to provide requested documents is limited to requests made "[a]s often as

6

[Selective Insurance] reasonably requires." Opp'n at 10, ECF No. 20 (quoting the Policy at 21). Based on the allegations in the Complaint, the Court cannot conclude one way or the other whether the document requests were reasonable under the circumstances; rather Plaintiffs' allegations that the requested documents were unnecessary suggest that the requests were not reasonable. Because the allegations in the Complaint and the terms of the Policy do not establish that Plaintiffs cannot succeed on their claims, the Motion will be denied as to the breach of contract claim.

## III.    Good Faith

Selective Insurance asserts that Count 2, the claim for failure to settle a claim in good faith, should be dismissed because it acted in good faith in settling Plaintiffs' claim. The relevant statutory provision is a component of a statutory scheme that "creat[es] administrative and judicial remedies for a first-party insured against a property and casualty insurer who fails to act in good faith in denying coverage or declining payment for a covered loss." *Thompson v. State Farm Mut. Auto. Ins. Co.*, 9 A.3d 112, 114 (Md. Ct. Spec. App. 2010); *see* Md. Code Ann., Cts. & Jud. Proc. § 3–1701(b), (d). The term "good faith" is defined as "an informed judgment based on honesty and diligence supported by evidence the insurer knew or should have known at the time the insurer made a decision on [the] claim." Md. Code Ann., Cts. & Jud. Proc. § 3–1701(a)(5). To evaluate whether an insurer acted in good faith, courts have adopted a totality of circumstances test, which considers three factors: (1) "efforts or measures taken by the insurer to resolve the coverage dispute promptly or in such a way as to limit any potential prejudice to the insureds"; (2) "the substance of the coverage dispute or the weight of legal authority on the coverage issue"; and (3) "the insurer's diligence and thoroughness in investigating the facts specifically pertinent to coverage." *Barry v. Nationwide Mut. Ins. Co.,* 298 F. Supp. 3d 826, 830 (D. Md. 2018); *see Cecilia Schwaber Tr. Two v. Hartford Accident & Indem. Co.*, 636 F. Supp. 2d 481, 486-87 (D. Md. 2009).

7

In claiming that it acted in good faith, Selective Insurance again relies on its submission of emails that are not properly considered at this stage of the case. *See supra* part I. Rather, the Complaint alleges sufficient facts to state a claim that Selective Insurance did not act in good faith. Among other facts, Plaintiffs assert that Selective Insurance's adjuster, Ladder Now, failed to document or include in its estimate certain damage to the siding of their home which, at the time of the inspection, Plaintiffs' contractor pointed out to Ladder Now. They further allege that as a result of that inspection, Selective Insurance's estimate of the total cost of the damages was a fraction of the sum that Plaintiffs were owed under the Policy, as calculated by their own adjuster, Semper Fi. Plaintiffs also contend that Selective Insurance made "irrelevant and ambiguous" requests to Plaintiffs about the Semper Fi estimate and ultimately rejected the estimate "without reasonable explanation." Compl. ¶¶ 27, 29. Finally, Plaintiffs allege that Selective Insurance "refused to negotiate with Semper Fi" regarding its scope of work and estimate. *Id*. ¶ 32. These factual allegations support an inference that Selective Insurance did not act "in such a way to limit any potential prejudice to the insured" and did not act with sufficient "diligence and thoroughness in investigating the facts specifically pertinent to coverage." *Barry,* 298 F. Supp. 3d at 830. Viewed in the light most favorable to Plaintiffs, the allegations are sufficient to state a plausible claim for relief under Maryland's law requiring good faith in relation to a claim under a property insurance policy. The Motion will therefore be denied as to the good faith claim in Count 2.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss, ECF No. 10, will be DENIED. A separate Order shall issue.

Date: March 14, 2024

THEODORE D. CHUANG
United States District Judge